UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              CASE NO. 8:14-CV-993-T-17AEP

LAWRENCE N. WILKINS,
et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 20    Motion for Default Judgment

Plaintiff United States of America moves for entry of default judgment against Defendants Lawrence N. Wilkins, Carol G. Wilkins, The Wilkins Foundation, Inc. and Living Light Ministries, Inc. Plaintiff obtained service by publication, and a Clerk's Default has been entered. (Dkts. 16, 18). The current amount of unpaid tax due is $6,749,871.06.

The Amended Complaint includes the following:

Count I - To Foreclose Tax Liens Against the Malton Street Property

The real property located at 5868 Malton Street, North Port, Florida, 34286-7111 ("the Malton Property") is more particularly described as Lot 23, Block 30, SECOND ADDITION TO NORTH PORT ESTATES, according to Plat thereof recorded at Plat Book 19, Pages 44-440, of the Public Records of Sarasota County, Florida.

Case No. 8:14-CV-993-T-17AEP

Count II - To Foreclose Tax Liens Against the Bliffert Street Property

The real property located at 5685 Bliffert Street, North Port, Florida, 34287-2874 ("Bliffert Street Property") is more particularly described as Lot 37, Block 2766, First Replat in Fortieth Addition to Port Charlotte Subdivision, a Subdivision according to the Plat thereof as recorded in Plat Book 26, Page(s) 33, 33A and 33B, inclusive, of the Public Records of Sarasota County, Florida.

Defendant Lawrence N. Wilkins is the taxpayer, and has an interest in the Subject Properties as follows:

On or about October 14, 2004 defendant Lawrence N. Wilkins purchased the Malton Street Property as his residence in the name of The Wilkins Foundation, Inc. for $449,000. Both the $15,000 deposit and the $104,334.07 down payment were paid by checks drawn on the account of The Wilkins Foundation, Inc. The balance of the purchase price was paid with funds from a loan secured by a mortgage obtained by Lawrence N. Wilkins' wife, Carol G. Wilkins, individually and as Treasurer of The Wilkins Foundation, Inc. in the amount of $336,750. Thereafter mortgage payments were made by checks drawn on the account of The Wilkins Foundation, Inc. with funds provided by Lawrence N. Wilkins. The mortgage was satisfied on March 31, 2006.

Lawrence N. Wilkins has resided in the Malton Street Property since its purchase. Checks drawn on the account of Living Light Ministries, Inc., in the total amount of $141, 967.64 were used for construction, materials and work completed on the Malton Street Property after its purchase. Checks from the same account were also used to care and feed horses at the Malton Street Property.

By quitclaim deed dated May 31, 2006 defendant The Wilkins Foundation, Inc. conveyed legal title in the Malton Street Property to Living Light Ministries, Inc. The quit claim deed shows that documentary stamps in the amount of $.70 were paid on the transfer. On that same date, Carol G. Wilkins, as President of The Wilkins Foundation, Inc. executed a resolution authorizing The Wilkins Foundation, Inc. to transfer the Malton Street Property to Living Light Ministries, Inc. as a charitable gift. Bank records show that on March 16, 2006, Living Light Ministries, Inc. transferred $322,000 into the account of The Wilkins Foundation, Inc.

Case No. 8:14-CV-993-T-17AEP

    The Wilkins Foundation, Inc. used these funds to satisfy the mortgage.

    Despite the fact that title to the Malton Street Property is held by Living Light Ministries, Inc., defendant Lawrence N. Wilkins remains the true and beneficial owner of that property. Defendant Lawrence N. Wilkins acquired the property with his funds, has retained exclusive use of the property for himself and his family members, and has maintained the property with funds he deposited into the account of nominee Living Light Ministries, Inc.

    In April, 2006, Lawrence N. Wilkins paid $172,385 to acquire the Bliffert Street Property. Although he provided the funds for the property, Lawrence N. Wilkins directed the agent who handled the transaction to issue title to the Bliffert Street property to Living Light Ministries, Inc.

    Despite the fact that title to the Bliffert Street Property is held by Living Light Ministries, Inc., defendant Lawrence N. Wilkins remains the true and beneficial owner of that property. Defendant Lawrence N. Wilkins acquired the property with his funds and has retained control over the use of the property.

On November 27, 2006 and July 7, 2008, a delegate of the Secretary of the Treasury assessed federal income taxes, penalties and interest for the years 1996 through 2005 against Defendant Lawrence N. Wilkins. Despite notice of the assessments and demand for payment, Defendant Lawrence N. Wilkins has refused to pay the full amount of the assessments, and $6,583,487.08, as of March 1, 2014, remains due and owing, plus fees, interest, and all statutory additions thereafter, as provided by law. Federal tax liens arose and attached to property owned by Defendant Lawrence N. Wilkins at the time of the assessment made against him. 26 U.S.C. Secs. 6321, 6322.

Pursuant to 26 U.S.C. Sec. 7403(a), the Court has jurisdiction to enforce a lien and subject a property to payment of tax where the United States brings suit at the request of the Secretary of the Treasury to enforce a tax liability. 26 U.S.C. Sec. 7403(c) allows the Court to finally determine all claims upon or liens to the subject

Case No. 8:14-CV-993-T-17AEP

properties, to decree a sale of the properties if appropriate, and to determine the distribution of the proceeds of the sale.

After consideration, the Court grants Plaintiff's Motion for Default Judgment as follows:

1. A Final Default Judgment in favor Plaintiff United States of America and against Defendants Lawrence N. Wilkins, Carol G. Wilkins, The Wilkins Foundation, Inc. and Living Light Ministries, Inc. **shall be entered**;

2. The Wilkins Foundation, Inc. and Living Light Ministries, Inc. hold title to the subject properties as nominees of Lawrence N. Wilkins, who is the true and beneficial owner of the real property described in Paragraph 4 of the Amended Complaint (the Malton Street Property and the Bliffert Street Property;

3. The federal tax liens in favor of the United States of America against all property and rights to property belonging to Lawrence N. Wilkins **attach** to the real property described in Paragraph 4 of the Amended Complaint;

4. The claim of the United States of America to the property described in paragraph 4 of the Amended Complaint **has priority** over claims of Defendants Lawrence N. Wilkins, Carol G. Wilkins, The Wilkins Foundation Inc., and Living Light Ministries, Inc.

5. The tax liens of the United States of America be **foreclosed** on the property described in paragraph 4 of the Amended Complaint, and the property be **sold** free and clear of the liens and claims of all parties, and the proceeds of sale be **distributed** to the United States in accordance with the priority determined by the Court and to the extent of the unpaid balance of the assessments described in Paragraph 14 of the Amended Complaint, plus fees, interest and statutory additions thereto as provided by law.

6. Within fourteen days of the date of this Order, the United States **shall submit** a proposed decree of foreclosure and order of sale; and

7. The Clerk of Court **shall** promptly **enter** a final judgment in accordance herewith.

Case No. 8:14-CV-993-T-17AEP

      **DONE and ORDERED** in Chambers in Tampa, Florida on this 6th day of April, 2015.

                                     ELIZABETH A. KOVACHEVICH
                                     United States District Judge

Copies to:
All parties and counsel of record