UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     CASE NO. 8:14-CV-993-T-17AEP

LAWRENCE N. WILKINS, CAROL G.
WILKINS, THE WILKINS
FOUNDATION, INC., and
LIVING LIGHT MINISTRIES, INC.,

        Defendants.

_____/

DECREE OF FORECLOSURE AND ORDER OF SALE

This Court entered a final judgment in this action on April 7, 2015 in favor of the United States against all defendants on the Amended Complaint of the United States to foreclose federal tax liens on the real property belonging to Lawrence N. Wilkins, but titled in the name of his nominee Living Light Ministries, Inc. (Doc. 22.)

The Order granting the United States' Motion for Default Judgment provides that the federal tax liens have priority over the claims of all of the defendants and attach to the following real property ("Subject Real Property"):

    (a).    Real property located at 5868 Malton Street, North Port, Florida, 34286-7111, more particularly described as Lot 23, Block 30, SECOND ADDITION TO NORTH PORT CHARLOTTE ESTATES, according to the Plat thereof recorded in Plat Book 19, Pages 44-440, of the Public Records of Sarasota County, Florida.

    (b).    Real property located at 5685 Bliffert Street, North Port, Florida 34287-2874, more particularly described as Lot 37, Block 2766, First Replat in Fortieth Addition to Port Charlotte Subdivision, a Subdivision according to the Plat thereof as recorded in Plat Book 26, Page(s) 33, 33A and 33B, inclusive, of the Public Records of Sarasota County, Florida.

Case No. 8:14-CV-993-T-17AEP

In addition, the Order provides that Lawrence N. Wilkins' unpaid tax liability is $6,583,487.08 as of March 1, 2014, plus fees, interest and statutory additions thereafter as provided by law. (Doc. 21.) Accordingly it is hereby,

**ORDERED, ADJUDGED AND DECREED** that the Subject Real Property be sold pursuant to 26 U.S.C. §§ 7402(a) and 7403 and 28 U.S.C. §§ 2001 and 2002, to satisfy those liens as follows:

1. An IRS Property Appraisal and Liquidation Specialist (PALS) is authorized to sell the Subject Real Property at one or more public auctions at a minimum bid it determines to be appropriate.

2. The terms and conditions of the sale are as follows:

   a. The sale of the Subject Real Property shall be free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including the plaintiff United States and the defendants Lawrence N. Wilkins, Carol G. Wilkins, The Wilkins Foundation, Inc., and Living Light Ministries, Inc.

   b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Subject Real Property.

   c. The sale shall be held either at the courthouse of the county or city in which the Subject Real Property is located or on the property's premises.

   d. The PALS shall market the Subject Real Properties for sale on a nationwide basis on its web site. The PALS shall announce the date and time for sale. After PALS has determined the date and time for a sale, PALS shall insert the same in

Case No. 8:14-CV-993-T-17AEP

a Notice of Sale, and shall promptly mail a copy of such Notice of Sale to the following:

>Mary Apostolakos Hervey
>Trial Attorney, Tax Division
>United States Department of Justice
>P.O. Box 14198
>Washington, DC 20044

 e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper of regularly issued and of general circulation in Sarasota County, and at the discretion of the PALS, by any other notice that the PALS deems appropriate. The notice shall contain a description of the Subject Real Property and shall contain the terms and conditions as set forth in this order of sale.

 f. The Subject Real Property shall be offered for sale "as is," with all faults and without any warranties either express or implied, and the sale shall be made without any right of redemption. The sale shall be subject to any unpaid real property taxes affecting the parcel.

 g. The PALS shall set and adjust the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

 h. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order or by certified or cashier's check made payable to the Clerk of the United States District Court for the Middle District of Florida, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by the PALS in the published Notice of Sale. Before being permitted to bid at the sale, potential

Case No. 8:14-CV-993-T-17AEP

bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale. The United States may bid as a creditor against the judgment without any tender of cash.

    i.    The successful bidder(s) shall pay the balance of the purchase price for the Subject Real Property within the time frame specified by the PALS, but no more than sixty (60) days following the date of the sale. The money order, certified check, or cashier's check made payable to the United States District Court for the Middle District of Florida shall be given to the PALS who will deposit the funds with the Clerk of the Court. If the bidder fails to fulfill this requirement, the sale shall be treated as null and void, and the deposit shall be forfeited as damages and applied to cover the expenses of the sale, with any amount remaining to be applied to the unpaid tax liabilities at issue in this case. The Clerk shall distribute the deposit as directed by the PALS by check made payable to the "United States Treasury." The property shall be again offered for sale under the terms and conditions of this order or, in the alternative, sold to the second highest bidder. The successful bidder(s) at the new sale or second highest bidder, as the case may be, shall receive the Subject Real Property free and clear of all rights, titles, claims, liens, and interests of the defaulting bidder(s).

    j.    The Clerk of the District Court is directed to accept the deposits and proceeds of the sale and deposit them into the Court's registry for distribution as provided for herein or pursuant to further order of this Court.

    k.    The sale of the Subject Real Property shall be subject to confirmation by this Court. On confirmation of the sale, ownership and possession of the Subject Real Property shall transfer to the successful bidder(s) and all interests in, liens against, and titles and claims to the Subject Real Property that are held or asserted by the parties to

Case No. 8:14-CV-993-T-17AEP

this action are discharged and extinguished. After the confirmation of the sale, the IRS shall execute and deliver a deed under the authority of this Court conveying the Subject Real Property, effective as of the date of the confirmation of the sale, to the successful bidder(s). The successful bidder(s) shall pay, in addition to the amount of the bid, any documentary stamps and registry fees as provided by law.

    l. The successful bidder(s) may elect to record in the local registry of deeds the order confirming the sale of the Subject Real Property. The recording of a certified copy of an order of this Court confirming the sale of the Subject Real Property shall be conclusive evidence of the conveyance of the Subject Real Property, effective as of the date of the confirmation of the sale, to the successful bidder(s) free and clear of all rights, titles, claims, liens, and interests of all parties to this action. If the successful bidder(s) make(s) this election, the IRS may still execute and deliver a deed under the authority of this Court conveying the Subject Real Property to the successful bidder(s) as a confirmation of the conveyance.

    m. All rights to rents of or from the Subject Real Property arising after the final judgment in this action and before the confinnation of the sale of the Subject Real Property shall constitute proceeds of the Subject Real Property and such rents shall be turned over to, and paid to, the PALS for deposit and distribution in the same manner as the proceeds of the sale of the Subject Real Property. On confirmation of the sale of the Subject Real Property, all rights to product, offspring, rents, and profits of or from the Subject Real Property arising thereafter shall transfer to the successful bidder(s) and all risks of losses associated with the Subject Real Property shall transfer to the successful bidders.

    n. The United States may withdraw the Subject Real Property from sale up until the time the sale is confirmed. If the Subject Real Property is withdrawn from sale, the entire deposit shall be returned and the PALS may, without further permission of

5

Case No. 8:14-CV-993-T-17AEP

this Court, and under the terms and conditions in this order of sale, hold a new public auction.

    3. Until the sale of the Subject Real Property is confirmed the parties to this action, occupants, or any person having notice of this order shall take all reasonable steps necessary to preserve the Subject Real Property (including all buildings, improvements, fixtures and appurtenances on the Subject Real Property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Subject Real Property and the parties to this action, occupants, or any person having notice of this order shall neither commit waste against the Subject Real Property nor cause or permit anyone else to do so.  The defendants shall neither do anything that tends to reduce the value or marketability of the Subject Real Property nor cause or permit anyone else to do so. The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Subject Real Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.  No person receiving notice of the entry of this order shall take any steps to impede the PALS in the execution of its duties, except pursuant to further order of this Court.

    4. All persons occupying the Subject Real Property shall deliver up that or those parcels to PALS, including all keys thereto, suitably labeled, and shall permanently vacate the parcel within thirty (30) days of the date this order is entered.  All such persons shall take with them their personal property, including without limitation any livestock, but without removing any improvements, buildings, fixtures and appurtenances on the Subject Real Properties. If any such person fails or refuses to vacate the Subject Real Properties as specified herein, the PALS are authorized to coordinate with the United States Marshal and his deputies are authorized and

Case No. 8:14-CV-993-T-17AEP

directed to take all actions reasonably necessary to eject that person. If any such person fails or refuses to remove his or her personal property from the Subject Real Property within the time specified herein, such personal property remaining on the Subject Real Property thereafter is deemed forfeited and abandoned, and the PALS is authorized to coordinate with the United States Marshal or his deputies to remove it from the Subject Real Property and dispose of it as the Marshal and his deputies deem appropriate, including sale, in which case the proceeds of the sale are to be applied first to the costs and expenses of sale and the balance to be paid into the Court for further distribution.  Checks for the purchase of the personal property shall be made payable to the Clerk of the Court for the Middle District of Florida and the Clerk of the Court is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further order of this Court.  This order shall serve as a Writ of Assistance or Writ of Possession, as appropriate, and no further order from this Court shall be required for this purpose.

5. No later than two business days after vacating the Subject Real Property pursuant to the deadline set forth in paragraph 4 above, all defendants and occupants shall notify counsel for the United States of a forwarding address where they can be reached.  Notification shall be made by contacting DOJ trial attorney Mary Apostolakos Hervey at (202) 514-6484.

6. Until the confirmation of the sale of the Subject Real Property, the PALS is authorized to have free and full access to the Subject Real Property in order to take and to take any and all actions necessary to preserve the Subject Real Property, including but not limited to retaining a locksmith or other person to change or install locks or other security devices on any part of the Subject Real Property.  In addition, PALS is authorized to take all reasonable actions necessary to gain access to the Subject Real Property, including actions that may result in destruction of fences or other impediments.

Case No. 8:14-CV-993-T-17AEP

7. Upon confirmation of the sale of any parcel, the liens of the United States shall attach to the proceeds of sale in the same order that the liens had attached to the parcel. That within 30 days after confirmation of sale of any parcel, the United States shall certify the unpaid balance of its claim and file a statement thereof with the Court. Thereafter, the Clerk shall distribute the sales proceeds from each sale as set forth below. The distribution to the United States Treasury shall be made as directed by the PALS. The distribution to the United States of America shall be by check made payable to the United States Treasury and delivered to Mary Apostolakos Hervey, Trial Attorney, United States Department of Justice, Tax Division, Room 6217, P.O. Box 14198, Ben Franklin Station, Washington, D.C. 20044. The sale proceeds deposited with the Clerk of this Court should be distributed in the order specified below:

a. First, to the United States Treasury for the costs and expense of the sale, including any costs and expenses incurred to secure or maintain the property pending sale and confirmation by the Court.

b. Second, to the United States of America for application to the liability then outstanding in connection with the unpaid federal tax liabilities of the defendant Lawrence N. Wilkins for tax periods 1996 through 2005, including all accrued statutory penalties, additions, and interest, until fully paid;

c. Any remaining proceeds shall be held in the Court's registry pending further order of the Court.

8. This Court shall retain jurisdiction over this cause for purposes of making any and all further orders and decrees as may be just and equitable, including without limitation orders confirming the sale, when and if confirmation shall appear proper, and orders of distribution.

Case No. 8:14-CV-993-T-17AEP

**DONE and ORDERED** in Chambers at Tampa, Florida on this 16th day of April, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

All counsel of record

Lawrence N. Wilkins
5868 Malton Street
North Port, Florida 34296-7111

Carol G. Wilkins
5868 Malton Street
North Port, Florida 34286-7111

The Wilkins Foundation, Inc.
Carol G. Wilkins, President
5868 Malton Street
North Port, Florida 34286-7111

Living Light Ministries, Inc.
c/o Michael Edward Brown, Registered Agent
2701 West 15th Street, #135
Plano, Texas 75075