UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CASE NO. 8:14-CV-993-T-17AEP

LAWRENCE N. WILKINS,
et al.,

        Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 25    Motion to Dismiss for Lack of Jurisdiction
Dkt. 26    Affidavit
Dkt. 27    Motion to Stay
Dkt. 28    Response in Opposition
Dkt. 29    Response in Opposition

Defendant Lawrence Newell Wilkins moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and moves to stay this case pending a ruling on the Motion to Dismiss.

The Government responds that this case is an action to foreclose federal tax liens against certain real property located in Sarasota County, Florida that is owned by Defendant Wilkins but titled in the name of his nominee, Living Light Ministries, Inc. Defendant Wilkins owes about $6.7 million in unpaid income taxes for the years 1996 through 2005.

Case No. 8:14-CV-993-T-17AEP

The Government argues that 28 U.S.C. Sec. 1331 grants jurisdiction to hear actions arising under the Constitution, laws, or treaties of the United States. This action arises under United States law, the Internal Revenue Code provision authorizing suits to foreclose federal tax lien against delinquent taxpayers, 26 U.S.C. Sec. 7403.

The Court notes that personal service on Defendant Wilkins was attempted but was not successful (Dkt. 11). The Court authorized service by publication, once a week for six weeks (Dkts. 14,15). Defendants did not file an answer, motion, or other responsive pleading. After entry of Clerk's Defaults, a Default Judgment was entered on April 7, 2015 (Dkt. 22). A Decree of Foreclosure and Order of Sale has been entered (Dkt. 24).

I. Standard of Review

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: "facial attacks" and "factual attacks." Facial attacks on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true." Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Where a factual attack challenges the existence of subject matter jurisdiction, the Court may consider matters outside the pleadings. The Court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. See Lawrence v. Dunbar, 919 F.2d 1525 (11th Cir. 1990). Where a factual attack implicates an element of the cause of action, the Court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case, proceeding under Rule 12(b)(6) or Rule 56. The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly

Case No. 8:14-CV-993-T-17AEP

immaterial or insubstantial. See Williamson v. Tucker, 645 F.2d 404 (5th Cir.), cert. denied, 102 S.Ct. 396 (1981).

II. Discussion

Defendant's Motion is a facial attack on the Court's subject matter jurisdiction. Defendant Wilkins has raised the "tax protestor" argument that no authority which extends the authority of any government office outside the District of Columbia has been shown, and there is no evidence in the record that the Internal Revenue Code sections have been expressly extended to the fifty states by law.

The Government responds that Defendant's argument is without merit. See United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987). The Government further argues that the argument that Defendant Wilkins is not a "person" subject to tax laws has been determined to be frivolous. McNair v. Eggers, 788 F.2d 1509, 1510 (11th Cir. 1986).

After consideration, the Court denies Defendant's Motion to Dismiss for lack of subject matter jurisdiction, and denies the Motion to Stay as moot. Accordingly, it is

**ORDERED** that Defendant Wilkins' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 25) is **denied**, and the Motion to Stay is **denied as moot.**

Case No. 8:14-CV-993-T-17AEP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 19th day of May, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record