UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v. CASE NO. 8:14-CV-993-T-17JSS

LAWRENCE N. WILKINS, et al.,

Defendants.

_____________________________/

ORDER

This cause is before the Court on:

Dkt. 33 Petition to Set Aside Default Judgment
Dkt. 34 Response

Defendant Lawrence N. Wilkins moves to set aside and vacate the Clerk's Default (Dkt. 18), and the Default Judgment (Dkt. 22) entered in this case, pursuant to Fed. R. Civ. P. 60(b), for fraud, misrepresentation, misconduct, and justifiable relief, and pursuant to Fed. R. Civ. P. 9(d). Defendant Wilkins also moves to set aside and vacate the Decree of Foreclosure and Order of Sale (Dkt. 24) due to fraud, misrepresentation, misconduct and fraud on the Court by Plaintiff and Plaintiff's counsel.

Plaintiff United States of America opposes Defendant Wilkins' Motion. The Government responds that Defendant Wilkins has not raised a meritorious defense, nor satisfied the standard for granting relief under Rule 60(b).

This case is an in rem action to enforce Plaintiff's lien for unpaid taxes against the real property of Defendant Lawrence N. Wilkins, or property in which Defendant

Case No. 8:14-CV-993-T-17JSS

Lawrence N. Wilkins has an interest, pursuant to 26 U.S.C. Sec. 7403. Defendants Carol G. Wilkins, The Wilkins Foundation, Inc., and Living Light Ministries Inc. are joined as parties pursuant to 26 U.S.C. Sec. 7403(b), as persons who may claim an interest in the real property upon which Plaintiff United States of America seeks to foreclose its tax liens.

Defendant Lawrence N. Wilkins is a tax defier who has a long history of failing to file income tax returns, and evading the payment of federal income taxes. In the past, Defendant Wilkins has used a warehouse bank operated by the Christian Patriot Association, a Swiss bank account, and bank accounts titled in the name of nominees to evade payment of federal income taxes.

Notices of tax lien were filed in Sarasota County, Florida, where the real property is located (Attached, Exh. 1). Plaintiff United States of America attempted to personally serve Defendant Lawrence Wilkins at 5868 Malton Street, North Port, FL (Dkt. 11). The Affidavit of non-service states:

> "Attempted service at 5868 Malton St., North Port, FL, 34286, spoke with woman named Cindy who advises that this property is occupied by world wide organization of organic farming to (sic) then provided me with a letter which states: to whom it may concern all inquiries regarding the owner of this land Living Light ministries must be directed to: jason craddock attorney, 227 w. maple suite c new lenox illinois 60451, 815-463-9030."

(Dkt. 11, p. 3).

Plaintiff United States of America moved for leave to serve Defendants by publication pursuant to 28 U.S.C. Sec. 1655, explaining that 5868 Malton St., North Port, FL is fully gated, with a coded lock box that makes entry impossible for anyone not possessing an access code. Multiple efforts to serve Defendants personally were unsuccessful (Dkt. 14, with Affidavits). The Court granted Plaintiff's Motion (Dkt. 15).

Case No. 8:14-CV-993-T-17JSS

Plaintiff has filed proof of publication in accordance with the Court's Order (Dkt. 16). The published notice stated:

> "A complaint has been filed against you. Pursuant to the order entered in this action on August 14, 2014, you are required to appear and plead by November 13, 2014. If you fail to plead in a timely fashion, judgment will be entered against you, and the subject real property will be sold free and clear of any lien or claim you may have......"

I. Standard of Review

A. Default

A motion to set aside a clerk's entry of default is made pursuant to Fed. R. Civ. P. 55(c). Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55(c). In determining whether to set aside a clerk's entry of default, the Court, in general, considers: (1) whether the default is culpable or willful, (2) whether setting aside the default would prejudice the adversary, and (3) whether the defaulting party presents a meritorious defense. Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Avacion, 88 F.3d 948, 951 (11th Cir. 1996). Other factors may be considered. However, if a party willfully defaults by displaying either an intentional or reckless disregard for judicial proceedings, the court need make no other findings in denying relief. Id.

B. Fed. R. Civ. P. 60

Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion......Nevertheless, the discretion of the district court is not unbounded, and must be exercised in light of the balance that is struck by Rule 60(b)

Case No. 8:14-CV-993-T-17JSS

between the desideratum of finality and the demands of justice. Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981)(internal citations omitted). Fed. R. Civ. P. 60(b) is applied most liberally to judgments in default. If the judgment was a default or dismissal in which there was no consideration of the merits, the Court considers whether the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and whether there is merit in the movant's claim or defense. The Court also considers: 1) that final judgments should not be lightly disturbed; 2) that the Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be liberally construed to achieve substantial justice; 4) whether the motion was made within a reasonable time; 5) whether there are intervening equities that would make it inequitable to grant relief, and 6) whether there are any other factors relevant to the justice of the judgment under attack. The Court considers these factors in light of the desirability of preserving the principle of the finality of judgments. id.

1. Fed. R. Civ. P. 60(b)(3) provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:
>
> ......
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

Rule 60(b)(3) allows a court to grant relief from a final judgment if the moving party proves by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct. The moving party must also show that the conduct prevented the losing party from fully and fairly presenting his

case or defense. See Frederick v. Kirby Tankships, 205 F.3d 1277, 1287 (11th Cir. 2000)(internal citations omitted).

2. Fed. R. Civ. P. 60(d)

Fed. R. Civ. P. 60(d) provides:

> **(d) Other Powers to Grant Relief.** This rule does not limit a court's power to:
>
> .......
>
> (2) grant relief under 28 U.S.C. Sec. 1655 to a defendant who was not personally notified of the action; or
>
> (3) set aside a judgment for fraud on the court.

The Eleventh Circuit Court of Appeals has held:

> "Fraud upon the court should, we believe, embraces only that species of fraud which does or attempts to defile the court itself, or is a fraud perpetrated by officers of the court so that judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct."

Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985). To prevail, the movant must show "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." Rozier v. Ford Motor Company, 573 F.3d 1332, 1338 (5th Cir. 1978).

II. Discussion

Pursuant to Fed. R. Civ. P. 55(c), the Court may set aside an entry of default for good cause, and the Court may set aside a default judgment under Rule 60(b).

A. Default

Defendant Wilkins argues that Plaintiff has cited 5868 Malton Street, North Port, FL as the service address for Defendant, and further states that Plaintiff has actual knowledge that mail directed to Defendant Wilkins at the above address is returned as "undeliverable." Defendant Wilkins argues that Plaintiff was not diligent in obtaining personal service, and instead used service by publication as a ruse, such that Defendant Wilkins was denied due process. Defendant Lawrence N. Wilkins moves to set aside the Clerk's Default.

Plaintiff United States of America repeatedly attempted to serve Defendant Lawrence N. Wilkins personally. Plaintiff's Motion to Extend Time to Effect Service of Process and to Serve by Publication Pursuant to 28 U.S.C. Sec. 1655, with supporting affidavits (Dkt. 14), explains why personal service was not practicable. A postal trace confirmed that mail for Defendant Lawrence Wilkins is delivered to 5868 Malton Street, North Port, FL (Dkt.14-1), a fact which Defendant Wilkins now disputes. Several attempts were made to serve Defendant Wilkins at that address, but the property is gated and fenced. (Dkt. 14-1). The Court granted Plaintiff's unopposed Motion (Dkt. 15). Plaintiff filed proof of publication, which includes the affidavit of the publisher's representative (Dkt. 16). Defendant Lawrence N. Wilkins was ordered to appear and plead by November 13, 2014. Defendant Wilkins did not appear and plead by that date. Plaintiff moved entry of a clerk's default pursuant to Fed. R. Civ. P. 55(a) (Dkt. 17), and a Clerk's Default was entered as to Defendant Wilkins. (Dkt. 18).

1. Culpable or Willful

Service by publication on Defendant Lawrence Wilkins was appropriate, based on the facts established by the affidavits supporting Plaintiff's Motion (Dkt. 14). Plaintiff has complied with the requirements of 28 U.S.C. Sec. 1655. Because Defendant was

not personally served with process, the Court does not know when Defendant Wilkins became aware of this case. The Court makes no determination that Defendant Wilkins' failure to answer was willful in the sense that Defendant Wilkins intentionally ignored the order to respond by a certain date. The Court notes only that Defendant became aware of this case by May 4, 2015, when Defendant Wilkins moved to dismiss for lack of jurisdiction. (Dkt. 25). When Defendant Wilkins moved to dismiss for lack of subject jurisdiction without including a motion to dismiss for insufficiency of service of process, Defendant Wilkins waived Defendant's objection to insufficiency of service of process, pursuant to Fed. R. Civ. P. 12(h)(1)(A).

Defendant Wilkins moved to set aside the default, default judgment and order of foreclosure only after Defendant's Motion to Dismiss was denied. Defendant Wilkins could have acted more promptly is seeking to set aside the default, but made a tactical decision not to do so.

Defendant Wilkins denies that Defendant receives mail at 5868 Malton Street, North Port, FL. The Court notes that Defendant Wilkins has now provided a mailing address in North Port, Florida, including an e-mail address, but Defendant Wilkins denies that the address given is a domicile or residence. The Court will direct the Clerk of Court to add this contact information to the docket for this case. Defendant Wilkins states "domiciled outside of the 'United States'...., and outside any Internal Revenue District or United States judicial district." (Dkt. 33, p. 9.). This assertion may be intended to be an indirect challenge to the Court's personal jurisdiction over Defendant Wilkins; however, since Defendant Wilkins did not include any challenge to personal jurisdiction in Defendant's previous motion to dismiss (Dkt. 25), Defendant Wilkins waived Defendant's challenge to personal jurisdiction.

The Court exercises its discretion with due regard for the circumstances of this case. Defendant Wilkins has a long history of evading the payment of income taxes by

various means. Notices of federal tax liens were entered in the public records of Sarasota County; it was not a secret that the Government was asserting a lien as to the subject properties. The name of the taxpayer on the notices is "Lawrence N. Wilkins," and "Living Light Ministries, Inc. as alter ego of Lawrence Wilkins." The real properties are within the Court's jurisdiction. As an owner of the subject property at 5868 Malton Street, North Port, FL, Defendant Lawrence was responsible for the presence of gates and fences that made personal service not practicable. The Court finds that Defendant Lawrence Wilkins was properly served by publication, and did not file a pleading or appear by the time specified in the published Notice. Since service by publication was proper, Defendant Wilkins' was not denied due process.

2) Prejudice

Delay alone is not sufficient to establish prejudice. It must be shown that delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." The burden is on the movant to show a lack of prejudice to the non-moving party, and to present evidence that the non-moving party would not suffer significant prejudice.

Defendant Wilkins has not made any argument or presented any evidence that Plaintiff will not suffer prejudice.

3) Meritorious Defense

Plaintiff argues that Defendant Wilkins has not asserted a meritorious defense. A general denial and conclusory statements are not sufficient; the movant must present a factual basis for his claim.

Defendant Wilkins has contested the adequacy of service of process in this case, but has not provided a properly supported meritorious defense.

An entry of default may be set aside "only if the defaulting party can provide a good reason for the district court to do so." African Methodist Episcopal Church, Inc. v. Ward, 185 F.3d 1201, 1202 (11th Cir. 1999). Defendant Wilkins has not offered a plausible reason to set aside the Clerk's Default entered in this case.

After consideration, the Court denies Defendant Wilkins' Motion to Set Aside Default.

B. Default Judgment - Fed. R. Civ. P. 60(b)(3)

1. Due Process

Defendant Wilkins argues that Plaintiff United States of America used service of process by publication as a ruse to obtain default judgment. Defendant Wilkins argues that Plaintiff did not perform due diligence in locating Defendants Lawrence N. Wilkins, Living Light Ministries, Inc., Carol G. Wilkins and The Wilkins Foundation, Inc., using government records at their disposal, including IRS records. Defendant further argues that no U.S. Postal Service rural carrier mail delivery box for "5868" has existed since August, 2006, and the specific numbers 5868 have never been posted on the LLM church sanctuary fences or gates since August, 2006.

Plaintiff United States of America responds that Defendant Wilkins still elects not to provide a current address to the Court, which belies Defendant's claim that Plaintiff could have easily effected personal service if Plaintiff had tried harder.

The Court notes that Defendant Wilkins signed Defendant's Petition in his own name, "c/o Christ's Living Light church, 5904 Malton Street, North Port, Florida, 34286*;

email: lifecrosschurch@earthlink.net. *Mailing location, not a domicile or residence; Domiciled outside of the "United States" per 26 U.S.C. Sec. 7701(a)(10) and 28 U.S.C. Sec. 1603(c), and outside any Internal Revenue District or United States Judicial District." (Dkt. 33, p. 9).

After Plaintiff United States of America was unable to personally serve Defendants, Plaintiff filed an Amended Complaint that seeks only to enforce its liens against real property within this judicial district. The Court's jurisdiction in an action under 28 U.S.C. Sec. 1655 is based on the Court's power over the property in dispute rather than on personal jurisdiction over Defendant Wilkins.

The Court previously noted that Plaintiff made multiple attempts to personally serve Defendants. 28 U.S.C. Sec. 1655 permits service by publication where personal service is not practicable. The Court has found that service by publication was appropriate in this case.

After consideration, the Court denies Defendant's Motion to the extent Defendant asserts that Defendant Lawrence N. Wilkins was denied due process.

B. Fraudulent Information

Rule 60(b)(3) is "aimed at judgments which were unfairly obtained, not at those which are factually incorrect." Rozier v. Ford Motor Co., 573 F.2d 1332, 1339 (5th Cir. 1978). Defendant Wilkins' allegations of fraud must be established by clear and convincing evidence, and the conduct complained of must have prevented the moving party from fully and fairly presenting his case or defense. id.

Case No. 8:14-CV-993-T-17JSS

1. Declaration of Amount Due

Defendant Wilkins argues that the Declaration of Amount Due (Dkt. 20-2) contains fraudulent information, and that the document improperly influenced the Court in its decision.

The Government responds that, as a matter of law, a lien arises upon assessment of a tax and attaches to all property and rights to property owned by a taxpayer, including property held by a nominee. See 26 U.S.C. Sec. 6321; Shades Ridge Holding Co. v. United States, 888 F.2d 725 (11th Cir. 1989).

The Court notes that the supporting Declaration of amount due (Dkt. 20-2) states that Plaintiff's lien was filed at the County Courthouse, Broward County, Fort Lauderdale, FL. Plaintiff's Notices of Federal Tax Lien were filed at the Sarasota County Courthouse, Sarasota, FL, on May 22, 2007, August 8, 2008, September 8, 2008, January 8, 2009, and February 9, 2009 (Attached). Plaintiff's Amended Complaint (Dkt. 13) alleges that Plaintiff's Notices of Federal Tax Lien were filed in Sarasota County, Florida.

The error in the Declaration of amount due does not affect the validity of the tax lien on the subject real property or Defendant's interest in the subject real property, or the validity of the Court's Default Judgment (Dkt. 22) and Decree of Foreclosure and Order of Sale (Dkt. 24) . A tax lien arises at the time of assessment, 26 U.S.C. Sec. 6322, on "all property or rights of property, whether real or personal, belonging to" a delinquent taxpayer. See 26 U.S.C. Sec. 6321. The purpose of filing a notice of tax lien is to provide notice and establish priority as to subsequent purchasers, holders of security interests, mechanic's lienors, or judgment lien creditors. See 26 U.S.C. Sec. 6323.

Case No. 8:14-CV-993-T-17JSS

Not every factual error constitutes fraud which causes a final judgment to be obtained unfairly. Defendant Wilkins has not established the presence of fraud by clear and convincing evidence.

After consideration, the Court **denies** Defendant's Fed. R. Civ. P. 60(b)(3) as to this issue.

2. Property Titled in Nominees

Defendant Wilkins argues that Plaintiff has fraudulently claimed that Defendant Living Light Ministries, Inc. is a nominee or alter ego of Defendant Lawrence N. Wilkins, and Defendant Wilkins argues that Plaintiff has fraudulently claimed that Defendant Wilkins Foundation, Inc. is a nominee or alter ego of Defendant Lawrence N. Wilkins. Defendant Wilkins asserts that a corporate tax exempt entity cannot be an alter ego or nominee, due to the restrictions of 26 U.S.C. Sec. 501(c)(3).

The Government responds that Defendant Wilkins makes only conclusory allegations, and does not address the facts that show that the subject properties are owned by Defendant Wilkins and titled in the name of his nominees.

The Court notes that the concepts of "nominee" and "alter ego" are separate concepts. Both concepts are equitable devices designed to prevent taxpayers from evading liability for taxes by attempting to shield property from the reach of the Internal Revenue Service through a nominal transfer to another entity. "A nominee theory involves the determination of the true beneficial ownership of the property. An alter ego theory focuses more on those facts associated with a 'piercing the corporate veil' analysis." See Oxford Capital Corp. v. United States, 211 F.3d 280, 284 (5th Cir. 2000). A lien for unpaid taxes attaches to all property belonging to a taxpayer during the life of the lien, including property held by a nominee. Shades Ridge Holding Co. v. United

States, 888 F.2d 725, 728 (11th Cir. 1989) (citing G.M. Leasing Corp. v. United States, 429 U.S. 338, 350-51 (1977)). In deciding whether an entity is a nominee of an individual, the court must focus on who has "active" or "substantial" control. Id. at 728-29. Shades Ridge lists three factors to be examined: 1) control exercised by the taxpayer over the nominee and its assets; 2) the use of corporate funds to pay the taxpayer's personal expenses; and 3) the family relationship, if any, between the taxpayer and corporate officers. Id., at 729.

Depending on the facts and circumstances of the case, the Court may also consider the following factors: 1) whether the property of the taxpayer was placed in the name of the nominee in anticipation of collection activity; 2) whether the purported nominee paid any consideration for the property, or whether the consideration paid was inadequate; and 3) whether the taxpayer pays the expenses (mortgage, property taxes, insurance) directly, or is the source of funds for the payments of the expenses. See U.S. v. Dornbrock, 2008 WL 769065 at *5; United States v. Todd, 2008 WL 2199873 at *3 (M.D. Fla. Mar. 19. 2008).

a. Allegations of Amended Complaint

In the Amended Complaint, Plaintiff United States of America alleges that Defendants Lawrence N. Wilkins and Carol G. Wilkins reside in North Port, Florida, within the jurisdiction of this Court. (Dkt. 13, p. 2). Plaintiff further alleges that Defendant Lawrence N. Wilkins has used bank accounts opened in the name of The Wilkins Foundation, Inc. and Living Light Ministries, Inc. to hide his income and pay his personal expenses, and that The Wilkins Foundation, Inc. and Living Light Ministries, Inc. claim to be 501(c)(3) charitable foundations, but are in fact nominees of Lawrence N. Wilkins created to shield his assets from creditors. (Dkt. 13, p. 4). Plaintiff further alleges that funds deposited in the bank accounts of The Wilkins Foundation, Inc. and Living Light Ministries, Inc. belong to Lawrence N. Wilkins, and are used almost

exclusively to pay his personal expenses and those of his family members.

As to the Malton Street property, Plaintiff alleges that Defendant Wilkins acquired the property with his funds, has retained exclusive use of the property for himself and his family, and has maintained the property with funds he deposited into the account of Living Light Ministries, Inc. (Dkt. 13, p. 7). The deposit and down payment were paid with checks drawn on the account of The Wilkins Foundation, Inc. Defendant's wife, Carol Wilkins, individually and as Treasurer of The Wilkins Foundation, Inc. obtained a mortgage to pay the balance due for the property. Mortgage payments were made by checks drawn on the account of The Wilkins Foundation, Inc. with funds provided by Defendant Lawrence N. Wilkins. Carol G. Wilkins, as president of The Wilkins Foundation, Inc. authorized the transfer of the Malton Street property to Living Light Ministries, Inc.

As to the Bliffert Street property, Plaintiff alleges that Defendant Wilkins acquired the property with his funds, and has retained control over the use of the property. (Dkt. 13, p. 8).

In the Amended Complaint, Plaintiff United States of America alleges that the IRS has had to calculate Defendant Lawrence N. Wilkins' federal income tax liabilities without Defendant Wilkins' assistance, and the IRS has provided Defendant Wilkins with notices of deficiency pursuant to 26 U.S.C. Sec. 6212. Thereafter, Defendant Wilkins did not petition to Tax Court to redetermine the deficiencies that the IRS calculated. (Dkt. 13, p. 4). A delegate of the Secretary of the Treasury assessed federal income taxes, penalties and interest on Defendant Wilkins as noted in the Amended Complaint. (Dkt. 13, pp. 4-5), gave notice of the assessments, and made a demand for payment. Plaintiff United States of America alleges that despite notice of the assessments and demand for payment, Defendant Lawrence N. Wilkins has refused to pay the full amount of the assessments, and as of March 1, 2014,

$6,583,487.08 remains due and owing.

b. **Discussion**

The dispute to be adjudicated in this case was brought before the Court by means of a Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b). Default judgments are not favored. A default judgment may be entered against a defendant who never appears or answers a complaint; in such circumstances, the case has never been placed at issue. Solaroll Shade and Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, the Court must ensure it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. See Nishimatsu Construc. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975); Buchanan v. Bowman, 820 F.2d 359 (11th Cir. 1987). In addition, the Court must consider whether an evidentiary hearing on the issue of damages is warranted. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979). Where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary.

This case was authorized and requested by a duly designated delegate of the Secretary of the Treasury of the United States, upon the direction of the Attorney General of the United States, pursuant to 26 U.S.C. Sec. 7401. Defendants did not file an answer or other response, after proper service by publication. In the Amended Complaint, Plaintiff United States of America alleges that Defendants The Wilkins Foundation, Inc. and Living Light Ministries, Inc. claim to be 501(c)(3) charitable foundations, but are in fact nominees of Lawrence N. Wilkins created to shield his assets from creditors (Dkt.13, p. 4); Plaintiff further alleges that funds deposited in the

bank accounts of The Wilkins Foundation, Inc. and Living Light Ministries, Inc. belong to Lawrence N. Wilkins, and are used almost exclusively to pay his personal expenses and those of his family members (Dkt. 13, p. 4).

The Court concluded that a default was properly entered. Defendant Wilkins did not appear and defend against the claims Plaintiff has asserted, admitting the well-pleaded allegations of the Amended Complaint, and Defendant Wilkins was not exempt from entry of a default judgment. Plaintiff alleges that the Internal Revenue Service issued notices of deficiency to Defendant Wilkins, and a delegate of the Secretary of the Treasury assessed federal income tax, penalties and interest on the dates and in the amounts set forth in the table included in the Amended Complaint (Dkt. 13, p. 5). A supporting Declaration was filed at the time Plaintiff sought entry of default judgment. (Dkt. 20, Exh. 2).

The assessment of federal tax by the Internal Revenue Service is presumed valid. The burden is on the taxpayer to overcome the presumption of correctness by proving the assessment is arbitrary and without foundation. In this case, Defendant Wilkins did not challenge the amount of the assessment of tax, penalties and interest, but only the allegation within the Declaration of where the tax liens were filed. The Court found that the inaccurate allegation did not establish fraud.

As to Defendant's challenge to the "nominee" status of The Wilkins Foundation, Inc. and Living Light Ministries, Inc., Defendant Wilkins has relied only on status of those entities as 501(c)(3) organizations, and has not responded to the well-pleaded factual allegations of control by Defendant Wilkins over the nominees and their assets, the use of corporate funds to pay Defendant's personal expenses and those of Defendant's family, and the family relationship between Defendant Wilkins and the corporate officers of the nominee entities.

After consideration, as to Defendant Wilkins' Motion to Set Aside pursuant to Fed. R. Civ. P. 60(b)(3) on the basis that Plaintiff has fraudulently claimed that The Wilkins Foundation, Inc. and Living Light Ministries, Inc. are nominees of Defendant Wilkins, the Court denies Defendant's Motion.

C. Default Judgment - Fed. R. Civ. P. 60(d)(3)

Defendant Wilkins argues that the Default Judgment should be set aside for fraudulent information in the Declaration, and because Plaintiff fraudulently contends that The Wilkins Foundation, Inc. and Living Light Ministries, Inc. are nominees of Defendant Wilkins.

Defendant Wilkins' arguments are not sufficient to establish Defendant Wilkins is entitled to relief under Fed. R. Civ. P. 60(d)(3); Defendant Wilkins has not shown an "unconscionable plan or scheme which is designed to improperly influence the court in its decision."

Defendant Wilkins did not move to set aside the default, default judgment and decree of foreclosure pursuant to Fed. R. Civ. P. 60(d)(2), and the Court found that service by publication was appropriate based on the undisputed facts of this case. Accordingly, it is

**ORDERED** that Defendant Lawrence Wilkins' Motion to Set Aside Default Judgment (Dkt. 33) is **denied**. It is further

**ORDERED** that the Clerk of Court shall add the mailing address "c/o Christ's Living Light church, 5904 Malton Street, North Port, Florida, 34286" to the docket for Defendant Lawrence Wilkins.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 28th day of July, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record