UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                    CASE NO. 8:14-CV-993-T-17JSS

LAWRENCE N. WILKINS, et al.,

      Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 52      Motion to Vacate or Otherwise Set Aside the Judgment
Dkt. 55      Opposition

Defendants Lawrence N. Wilkins, Carol G. Wilkins, The Wilkins Foundation, and Living Light Ministries, Inc. move to vacate or otherwise set aside Default Judgment (Dkt. 22) entered in this case, pursuant to 28 U.S.C. Sec. 1655.

The Government responds that this Court lacks jurisdiction to consider Defendants' Motion. After the entry of the Default Judgment and Decree of Foreclosure and Order of Sale (Dkts. 22, 24), Defendant Lawrence Wilkins moved to dismiss for lack of subject matter jurisdiction (Dkt. 25). Defendant's Motion was denied (Dkt. 30). Defendant Lawrence Wilkins then moved to set aside the Default Judgment and Order on Motion for Default Judgment (Dkt. 33). Defendant's Motion was denied (Dkt. 39). A Notice of Appeal of the Order denying Defendant's Motion to Set Aside Default Judgment (Dkt. 39) was filed by all Defendants (Dkt. 41). The appeal remains pending in the Eleventh Circuit Court of Appeals, Case No. 15-14346.

Case No. 8:14-CV-993-T-17JSS

    Plaintiff United States of America points out that Defendants have not relied on Fed. R. Civ. P. 62.1, or requested an "indicative ruling." Plaintiff further argues that, although Section 1655 grants a defendant not personally served the right to have default judgment vacated within one year, Defendants have waived that right by appearing in this action and consenting to personal jurisdiction. Defendant Lawrence Wilkins waived his right to challenge personal jurisdiction when Defendant Wilkins filed his Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 30) in which he did not contest personal jurisdiction (Dkt. 39 at 7). See Union Camp Corp. v. Dyal, 460 F.2d 678, 684 (5th Cir. 1972)(a motion to dismiss failing to contest personal jurisdiction constitutes waiver of right to challenge personal jurisdiction under 28 U.S.C. Sec. 1655); Campbell v. Murdock, et al., 90 F.Supp. 297, 299 (N.D. Ohio 1950)(motion for more definite statement constitutes personal jurisdiction waiver under 28 U.S.C. Sec. 1655).

    Plaintiff further argues that all Defendants appeared and waived their right to challenge personal jurisdiction by filing a notice of appeal (Dkt. 41) from the Final Order entered on July 28, 2014 (Dkt. 39). See Bank of Jasper v. First Nat. Bank of Rome, Georgia et al., 258 U.S. 112, 118 (1922)(defendant who prosecutes appeal of final decree held to have appeared generally).

    28 U.S.C. Sec. 1655 provides:

> In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant can not be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.
>
> Such order shall be served on the absent defendant personally if practicable, wherever found, and also upon the person or persons in possession or charge of such property, if any. Where personal service is not practicable, the order shall be published as the court may direct, not

Case No. 8:14-CV-993-T-17JSS

> less than once a week for six consecutive weeks.
>
> If an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action. When a part of the property is within another district, but within the same state, such action may be brought in either district.
>
> Any defendant not so personally notified may, at any time within one year after final judgment, enter his appearance, and thereupon the court shall set aside the judgment and permit such defendant to plead on payment of such costs as the court deems just.

In this case, Defendants were ordered to appear and plead by November 13, 2014. (Dkt. 16). Personal service was attempted but was not practicable. (Dkt. 17). Defendants did not appear and plead, and a Default Judgment was entered. All Defendants now seek to have the Court set aside the judgment, and permit Defendants to plead, on payment of costs, based only on the authority conferred by the statute, and within the time permitted by the statute.

The Court previously denied Defendant Lawrence Wilkins' Motion to Set Aside the Default Judgment. Defendant Lawrence Wilkins moved to set aside the Default Judgment pursuant to Fed. R. Civ. P. 60(b). In ruling on Defendant's Motion, the Court noted that Defendant Wilkins did not move to set aside the Default Judgment pursuant to Fed. R. Civ. P. 60(d)(2), and the Court found that service by publication was appropriate based on the undisputed facts of the case. Fed. R. Civ. P. 60(d)(2) provides:

> (d) **Other Powers to Grant Relief.** This rule does not limit a court's power to:
>
> ……

Case No. 8:14-CV-993-T-17JSS

(2) grant relief under 28 U.S.C. Sec. 1655 to a defendant who was not personally notified of the action;...

A notice of appeal divests the district court of its control over those aspects of the case involved in an appeal. Griggs v Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). An appeal of the Default Judgment remains pending. Defendants' Motion raises a substantial issue. The Court will deny Defendants' Motion without prejudice, subject to renewal in the event the Eleventh Circuit temporarily remands this case.

After consideration, the Court denies Defendants' Motion to Vacate or Otherwise Set Aside the Judgment without prejudice for lack of jurisdiction. Accordingly, it is

**ORDERED** that Defendants' Motion to Vacate or Otherwise Set Aside the Judgment (Dkt. 52) is **denied** without prejudice for lack of jurisdiction, based on the pending appeal.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 2nd day of February, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record