UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v. CASE NO. 8:14-CV-993-T-17JSS

LAWRENCE N. Wilkins, et al.,

Defendants.

_____________________________/

ORDER

This cause is before the Court on:

Dkt. 59 Motion for Stay of Execution Pending Appeal
Dkt. 63 Opposition

Defendants Lawrence N. Wilkins, Carol G. Wilkins, The Wilkins Foundation, Inc., and Living Light Ministries, Inc. ("Defendants") move for a stay of execution pending appeal to prohibit the sale of the two lots seized pursuant to the Default Judgment (Dkt. 22), pursuant to Fed. R. Civ. P. 62.

Defendants argue that Defendants are likely to prevail on the merits on appeal, the sale of the properties would irreparably harm Defendants' interest in the real property, the United States would not suffer during the delay, and the public interest is not harmed. Defendants do not offer to post a supersedeas bond.

Plaintiff United States of America responds that Defendants did not confer with Plaintiff about the bond amount as directed by this Court (Dkt. 60), and no supersedeas bond has been posted to the secure the Government against loss caused by delay.

Case No. 8:14-CV-993-T-17JSS

Plaintiff United States of America argues that, in the absence of a supersedeas bond, Defendants have not met the requirements of Fed. R. Civ. P. 62(d), and are not entitled to stay the foreclosure sale. Plaintiff United States of America suggests that, if the Court were to grant Defendants' Motion, a cash bond equivalent to the fair market value of the property plus an additional 15%, $552,000, based on an estimated $480,000 fair market value, plus 15% of that amount, should be required.

Fed. R. Civ. P. 62(d) provides:

> **Stay with Bond on Appeal.** If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

The purpose of the supersedeas bond is to preserve the status quo while protecting the nonappealing party's rights pending appeal. See Prudential Ins. Co. v. Boyd, 781 F.2d 1494, 1498 (11th Cir. 1986).

Defendants have not offered to post a bond or made any showing that would justify waiving the requirement to post a bond. After consideration, the Court grants the Motion to Stay Execution Pending Appeal, subject to the requirement that Defendants post a supersedeas bond in the amount of $552,000.00, pursuant to Fed. R. Civ. P. 62(d). The stay will take effect when the Court approves the $552,000.00 bond. If no bond is posted, the enforcement proceedings are not stayed. Accordingly, it is

**ORDERED** that the Motion to Stay Execution Pending Appeal (Dkt. 59) is conditionally **granted**, subject to Defendants posting a supersedeas bond in the amount of $552,000.00. The stay will take effect when the Court approves the $552,000.00 bond.

Case No. 8:14-CV-993-T-17JSS

**DONE and ORDERED** in Chambers in Tampa, Florida on this 5th day of February, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record