UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  CASE NO.   8:14-CV-993-T-17JSS

LAWRENCE N. WILKINS, et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 69    Emergency Renewed Motion to Vacate or Otherwise Set Aside the Default Judgment Under Section 1655
Dkt. 73    Response

Defendants Lawrence N. Wilkins, Carol G. Wilkins, The Wilkins Foundation, Inc. and Living Light Ministries, Inc., move to vacate or otherwise set aside the Default Judgment (Dkt. 22), pursuant to 28 U.S.C. Sec. 1655. Defendants have entered a general appearance in this case (Dkts. 49, 50, 51, 52). Defendants also request that the Court enjoin or otherwise direct the United States to cancel the property sale scheduled for Thursday, February 11, 2016 indefinitely pending further proceedings in this case.

The Court previously denied the Motion to Set Aside Default Judgment without prejudice for lack of jurisdiction, due to the pending appeal (Dkt. 58). The Eleventh Circuit Court Appeals has granted a limited remand (Dkt. 70).

Case No. 8:14-CV-993-T-17JSS

Defendants assert that Defendants are entitled to have the Default Judgment set aside, as Defendants have appeared in this case within one year of the entry of the Default Judgment, citing <u>Perez y Fernandez v. Fernandez y Perez</u>, 220 U.S. 224 (1911)(predecessor statute to 28 U.S.C. Sec. 1655; where service is by publication rather than personal service, a defendant against whom default judgment is entered has an absolute right to have the judgment set aside and to appear and defend within one year after entry of the final judgment). The Supreme Court, reversing and remanding with directions, explains:

> "In order, however, that misconception may be avoided we think it well to observe that in the cases to which the statute applies the right to appear and have a cause reopened is not dependent upon terms to be fixed by the court, except to the extent that the statute provides for terms as to costs. This, we think, is clear, since, after providing for the entry in the Circuit Court of his appearance by a defendant embraced within the statute, it is said: "And thereupon the said court shall make an order setting aside the judgment therein and permitting said defendant or defendants to plead therein on payment by him or them of such costs as the court shall deem just; . . ."

<u>Perez</u> at 232.

Plaintiff United States of America, in responding to Defendants' first Motion to Set Aside, acknowledged that 28 U.S.C. Sec. 1655 grants a defendant not served with process the right to have default judgment vacated within one year (Dkt. 55, p. 7), but argued that Defendants waived their right to challenge personal jurisdiction under Sec. 1655. Plaintiff United States again asserts that Defendants waived their right to challenge personal jurisdiction under Sec. 1655.

28 U.S.C. Sec. 1655 provides:

2

Case No. 8:14-CV-993-T-17JSS

> In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant can not be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.
>
> Such order shall be served on the absent defendant personally if practicable, wherever found, and also upon the person or persons in possession or charge of such property, if any. Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks.
>
> If an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action. When a part of the property is within another district, but within the same state, such action may be brought in either district.
>
> Any defendant not so personally notified may, at any time within one year after final judgment, enter his appearance, and thereupon the court shall set aside the judgment and permit such defendant to plead on payment of such costs as the court deems just.

In making a general appearance, and requesting that the default judgment be set aside pursuant to Sec. 1655, Defendants are asserting a statutory right, not necessarily asserting a challenge to personal jurisdiction. Defendants are within the one-year limit specified by Sec. 1655. By asserting their statutory right, Defendants are consenting to personal jurisdiction for all further proceedings in this case. 28 U.S.C. Sec. 1655 unambiguously directs the Court to set aside the Default Judgment, and permit Defendants to plead on payment of just costs. Plaintiff United States of America has expended costs in connection with Plaintiff's control of the properties pursuant to the Final Decree of Foreclosure (Dkt. 24) and the pending sale of the properties.

Defendants have been represented by counsel since October 12, 2015 (Dkt. 43); Defendants could have entered their appearances and moved to set aside the Default

Case No. 8:14-CV-993-T-17JSS

Judgment based on Sec. 1655 at an earlier time. Although Defendants may have engaged in tactical delay, this does not change the one-year deadline specified by Sec. 1255.

Plaintiff United States has requested that the Court impose conditions in connection with this Order. The only condition that the Court can impose in connection with setting aside the Default Judgment is the determination of just costs. The Court grants Plaintiff's request to file an Amended Complaint to seek an in personam judgment against Defendant Lawrence N. Wilkins for unpaid tax debts.

After consideration, the Court conditionally grants the Emergency Renewed Motion to Vacate or Set Aside the Default Judgment, subject to Defendants' payment of costs to Plaintiff United States, and grants Plaintiff's request for leave to file an Amended Complaint. Accordingly, it is

**ORDERED** that Defendants' Emergency Motion to Vacate or Set Aside the Default Judgment (Dkt. 69) is conditionally **granted**, as follows: Plaintiff United States **shall file** an Affidavit as to costs, and **shall file** the Amended Complaint within seven days from the date of this Order. Upon payment of the costs to the United States, Defendants **shall file** a Notice of Compliance and their Answers to this lawsuit within fourteen days from the date of this Order. The Court **directs** Plaintiff United States to cancel the sale of the properties scheduled for February 11, 2016, pending a further Order. In the event that Defendants do not comply with this Order, Plaintiff United States **shall move** to reinstate the Default Judgment and reschedule the sale of the properties.

Case No. 8:14-CV-993-T-17JSS

**DONE and ORDERED** in Chambers in Tampa, Florida on this 10th day of February, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record