UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Case No: 8:14-cv-993-T-17JSS

LAWRENCE N. WILKINS, CAROL G.
WILKINS, THE WILKINS
FOUNDATION, INC. and LIVING LIGHT
MINISTRIES, INC.,

    Defendants.
_____/

## ORDER ON THE GOVERNMENT'S MOTION TO COMPEL

THIS MATTER is before the Court on the Government's Motion to Compel Discovery Against Defendant Living Light Ministries, Inc. ("Motion") (Dkt. 92), and Defendants' response in opposition (Dkt. 94). For the reasons that follow, the Motion is granted in part and denied in part.

The Government brought this action against Defendants to reduce Defendant Lawrence M. Wilkins' unpaid federal income tax liabilities to judgment and foreclose federal tax liens on real property owned by Defendant Wilkins and titled in the name of Living Light Ministries, Inc. (Dkt. 76.) The Government alleges that Defendant Wilkins used bank accounts opened in the name of The Wilkins Foundation, Inc. and Living Light Ministries, Inc. to hide his income, pay personal expenses, and shield his assets from creditors. (Dkt. 76 ¶ 17.)

In the Motion, the Government seeks an order compelling Defendant Living Light Ministries, Inc. to produce its membership lists and provide a privilege log for all information withheld subject to a claim of privilege. (Dkt. 92 at 1.) Defendants objected to producing the

membership lists, asserting the First Amendment rights of freedom of association and religious expression. (Dkt. 94.)

Federal Rule of Civil Procedure 37 allows any party "on notice to other parties and all affected persons . . . [to] move for an order compelling disclosure or discovery." Fed.R.Civ.P. 37. District courts have broad discretion in managing pretrial discovery matters and in deciding whether to grant motions to compel. *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002); *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Rule 34 requires a party objecting to a document request to "state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed.R.Civ.P. 34(b)(2)(C). Further, under Rule 26, a party withholding information otherwise discoverable by claiming that the information is privileged must expressly make that claim and describe the nature of the documents. Fed.R.Civ.P. 26(b)(5)(A).

In their response to the Motion, Defendants state that no responsive documents exist to the Government's request for the membership lists. (Dkt. 94 at 6.) In light of Defendants' response, the Motion is moot as to the Government's request for Living Light Ministries, Inc.'s membership lists. However, the Government further contends that despite requesting a privilege log from Defendants, no privilege log has been produced in response to the Government's document requests. (Dkt. 92 at 3.) Defendants do not address the Government's request for a privilege log or whether documents responsive to other requests for production have been withheld on the basis of privilege. Thus, to the extent Defendants are withholding responsive documents on an assertion of privilege, Defendants are directed to supplement the responses with a privilege log identifying any responsive documents, the author(s) of the document, the recipient(s) (including copy

recipients) of the document, the subject matter of the document, the date of the document, and a specific explanation of why the document is privileged or excluded from discovery. *See* Fed.R.Civ.P. 26(b)(5)(A) ("When a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must expressly make the claim and describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that . . . will enable the other party to assess the claim.")

Accordingly, it is **ORDERED** that the Government's Motion to Compel Discovery Against Defendant Living Light Ministries, Inc. (Dkt. 92.) is **GRANTED** in part and **DENIED** in part. Defendants are directed to supplement the responses with a privilege log within ten (10) days of this Order. The motion is denied as moot with regard to the Government's request for membership lists of Living Light Ministries Inc. The Government's Motion to Compel is denied with respect to the request for fees and costs incurred in connection with the Motion.

**DONE** and **ORDERED** in Tampa, Florida, on July 3, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record