UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v().    Case No: 8:14-cv-993-T-17JSS

LAWRENCE N. WILKINS, CAROL G. WILKINS, THE WILKINS FOUNDATION, INC. and LIVING LIGHT MINISTRIES, INC.,

    Defendants.

_____/

## **ORDER**

THIS MATTER is before the Court on the United States' Motion to Compel Answers to Interrogatories Against Defendant Living Light Ministries, Inc. ("Motion") (Dkt. 96) and Defendants' Response in Opposition to Government's Motion to Compel Discovery Against Defendant Living Light Ministries, Inc. ("Response") (Dkt. 97). For the reasons that follow, the Motion is granted in part and denied in part.

## **BACKGROUND**

The United States ("the Government") brought this action against Defendants to reduce Defendant Lawrence M. Wilkins' unpaid federal income tax liabilities to judgment and foreclose federal tax liens on real property owned by Defendant Wilkins and titled in the name of Living Light Ministries, Inc. ("Living Light Ministries"). (Dkt. 76.) The Government alleges that Defendant Wilkins used bank accounts opened in the name of The Wilkins Foundation, Inc. and Living Light Ministries to hide his income, pay personal expenses, and shield his assets from creditors. (Dkt. 76 ¶ 17.)

On March 23, 2017, the Government served Defendant Living Light Ministries with its First Set of Interrogatories. (Dkt. 96-1.) Interrogatory 6 requested Defendant to name its church members. (Dkt. 96-2 at 7.) The parties agreed to extend Defendant's response deadline to May 5, 2017. (Dkt. 96 at 2.) Defendant served an untimely response on May 10, 2017, without an objection to Interrogatory 6 and without naming its church members. (Dkt. 96-2 at 7.) Defendant served a second response on June 6, 2017, and cited to the First Amendment as a basis for objecting to providing the names of its church members. (Dkt. 96-3 at 7.) Defendant also stated that the information was "not available" as the church "never kept any church membership log or list." (Dkt. 96-3 at 7.) The Government now seeks to compel this information from Defendant. (Dkt. 96.)

## APPLICABLE STANDARDS

Courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). The court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Through discovery, parties may obtain materials that are within the scope of discovery, meaning they are nonprivileged, relevant to any party's claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The U.S. Supreme Court held that the term "relevant" in Rule 26 should encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978). Federal Rule of Civil Procedure 37 allows any party "on notice to other parties and all affected persons . . . [to] move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37.

## ANALYSIS

In its Motion, the Government moves to compel a response to Interrogatory 6 and argues that Living Light Ministries waived its objection because it failed to timely object. (Dkt. 96 at 4.) A party has thirty days to respond to interrogatories by serving answers or objections, although a longer or shorter time may be imposed by stipulation of the parties or court order. Fed. R. Civ. P. 33(b)(2). Pursuant to Federal Rule of Civil Procedure 33(b)(4), "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *see* Middle District Discovery (2015) at 16 ("Absent compelling circumstances, failure to assert objections to an interrogatory within the time for answers constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel.") Therefore, "when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." *Pitts v. Francis*, 5:07CV169/RS/EMT, 2008 WL 2229524, at *2 (N.D. Fla. May 28, 2008) (citing *In re United States,* 864 F.2d 1153, 1156 (5th Cir. 1989)). The waiver operates even in situations where a party had a proper objection to a discovery request. *Third Party Verification, Inc. v. SignatureLink, Inc.*, No. 6:06-cv-415-Orl-22DAB, 2007 WL 1288361 *3 (M.D. Fla. May 2, 2007) (holding "[a] party who fails to file timely objections waives all objections, including those based on privilege or work product.")

Here, it is undisputed that Living Light Ministries' discovery response was untimely. (See dkt. 97 at 7.) In their Response, Defendants argue that the Government is not prejudiced by the objection because the parties discussed the objection before Living Light Ministries' May 10, 2017 response. (Dkt. 97 at 6.) Defendants' sole reason given for omitting the objection is that while preparing its June 6, 2017 responses, Living Light Ministries "noticed that the response to

Interrogatory Response [sic] omitted the formal language of the objection, so that omission was corrected in the final version." (Dkt. 97 at 7.)  This argument is unpersuasive.  The Court finds that Defendants have failed to show good cause for not providing a timely objection to Interrogatory 6.  Therefore, Living Light Ministries waived its objection when it failed to timely object to Interrogatory 6.  *See Steel v. NCC Recovery, Inc*., 8:13-CV-559-T-33EAJ, 2013 WL 12170585, at *1–2 (M.D. Fla. Aug. 22, 2013) (finding defendant's objections to discovery requests waived as a mistake in calendaring the deadline for responding did not constitute good cause); *Ocwen Loan Servicing, LLC v. Accredited Home Lenders, Inc*., 608CV214ORL31GJK, 2008 WL 11335100, at *4 (M.D. Fla. Nov. 19, 2008) (holding defendant waived its objections, including those based on privilege, when it failed to respond to discovery requests timely and failed to provide good cause for its actions); *Reliance Ins. Co. v. Core Carriers, Inc*., 3:06-CV-585-J-20MCR, 2008 WL 2414041, at *2 (M.D. Fla. June 11, 2008) ("Plaintiff has provided the Court with no reasons (much less good cause) for its failure to file timely objections to Defendant's discovery requests.  Accordingly, although the Court finds Plaintiff's objections compelling, Plaintiff waived any objections to the discovery requests."); *Pitts*, 5:07CV169/RS/EMT, 2008 WL 2229524, at *4 (finding defendant failed to show good cause for failing to state a timely objection to discovery requests and, therefore, deeming defendant's objections waived).

Defendants assert that "it impossible for anyone in management to list members of Living Light" because the church "does not maintain a membership list, nor does the church require anyone to state whether they are a member in order to attend a church service or church function." (Dkt. 97 at 8.)  Defendants further state that "Living Light can only confirm that the natural person parties to this lawsuit are members of the church." (Dkt. 97 at 8.)  However, the Government contends that Living Light Ministries is able to respond to Interrogatory 6 because Defendant

Lawrence Wilkins, who answered and signed the interrogatory responses at issue, previously testified that the church "congregation consists of between 12 to 43 individuals depending on the time of the year." (Dkt. 96 at 8; dkt. 96-2 at 2, 18.) Defendants previously produced a decision from the Value Adjustment Board concerning the tax exempt status of the property where Living Light Ministries operates. (Dkt. 96 at 8; dkt. 97-1.) The decision provides a summary of Lawrence Wilkins' testimony, including his statement that the church "congregation consists of between 12 to 43 individuals." (Dkt. 97-1 at 4.) This testimony is undisputed as Defendants cite to it in their Response to the Motion. (Dkt. 97 at 4–5.) Given this prior testimony, Living Light Ministries clearly has the ability to provide the number of church members, even if it is unable to list the names of its members. Therefore, Living Light Ministries shall provide the number of its church members and the names of any church members it can recall, excluding Lawrence Wilkins and Carol Wilkins. Accordingly, it is

**ORDERED**:

1. The United States' Motion to Compel Answers to Interrogatories Against Defendant Living Light Ministries, Inc. (Dkt. 96) is **GRANTED** in part and **DENIED** in part as stated herein.

2. Defendant is directed to supplement its response to Interrogatory 6 as stated above within ten (10) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, on September 21, 2017.

/s/ Julie S. Sneed
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record