UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                Case No: 8:14-cv-993-T-17JSS

LAWRENCE N. WILKINS, CAROL G.
WILKINS, THE WILKINS
FOUNDATION, INC. and LIVING LIGHT
MINISTRIES, INC.,

    Defendants.
_____/

## **ORDER**

THIS MATTER is before the Court on Defendants' Motion to Extend the Discovery Deadline and Quash the Depositions Noticed for October of 2017 ("Motion"). (Dkt. 99.) The United States filed a response in opposition. (Dkt. 100.) On October 17, 2017, the Court held a hearing on the Motion and heard argument from the parties. For the reasons stated at the hearing and that follow, the Motion is granted in part and denied in part.

## BACKGROUND

The United States ("the Government") brought this action against Defendants to reduce Defendant Lawrence M. Wilkins' unpaid federal income tax liabilities to judgment and foreclose federal tax liens on real property owned by Defendant Wilkins and titled in the name of Living Light Ministries, Inc. (Dkt. 76.) On February 9, 2017, the Court entered its Case Management and Scheduling Order ("Scheduling Order"), setting a discovery deadline of November 1, 2017, dispositive motion deadline of December 1, 2017, and a trial term of May 2018. (Dkt. 91.)

On September 7, 2017, the Government noticed the Defendants' depositions to occur on October 3, 4, 5, and 6, 2017. (Dkts. 99-3, 99-4, 99-5, 99-6.) On September 18, 2017, the Government noticed the depositions of Ronald and Sharon Wilkins to occur on October 24, 2017. (Dkts. 99-7, 99-8.) Defendants now seek to quash these deposition notices as defense counsel Robert Bernhoft, admitted pro hac vice, is unavailable to defend the depositions in October due to a trial in another matter in the Southern District of Ohio. (Dkt. 99 at 3.) Defendants also request an extension of the discovery deadline by 58 days, as well as an extension of all other remaining deadlines, including extending the trial term from May 2018 to July 2018. (Dkt. 99 at 6.)

**APPLICABLE STANDARDS**

Courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). Pursuant to Federal Rule of Civil Procedure 16(b)(3)(A), a case management and scheduling order must limit the time to complete discovery. Fed. R. Civ. P. 16(b)(3)(A). This deadline "may be modified only for good cause and with the judge's consent." *Id.* at 16(b)(4). "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 Fed. App'x 683, 685 (11th Cir. 2013); M.D. Fla. Local R. 3.09(b) ("Failure to complete discovery procedures within the time established . . . shall not constitute cause for continuance unless such failure or inability is brought to the attention of the Court at least sixty (60) days in advance of any scheduled trial date and is not the result of lack of diligence in pursuing such discovery.").

**ANALYSIS**

In their Motion, Defendants request an extension of all the remaining deadlines in the Scheduling Order. (Dkt. 99.) Defendants contend that the extensions are necessary because defense counsel Robert Bernhoft is unavailable to defend the depositions noticed to take place in

October due to a trial in another matter scheduled to begin on October 16, 2017. (Dkt. 99 at 3.) During the hearing, counsel indicated that the trial in that matter will last approximately two to three weeks. Defendants further argue that the Government did not request the depositions at issue until almost seven months of discovery had passed. (Dkt. 99 at 4.) Defendants contend that local counsel Ward Meythaler is not able to defend the depositions because this matter is a "complex federal criminal civil suit," discovery has been voluminous, and forcing local counsel to defend the depositions "would impose an unreasonable time burden on local counsel and an undue cost burden on the Defendants." (Dkt. 99 at 9.) Further, the Defendants "expect that their own depositions will be defended by the attorneys they hired as lead counsel for this very personal case." (Dkt. 99 at 9.)

Defendants further argue that amendments to the Scheduling Order are necessary because the Government first disclosed the identity of two Internal Revenue Service ("IRS") witnesses on September 12, 2017, that have "knowledge of the method by which the government calculated the taxpayer's federal income tax liabilities for years 1996 through 2005," and that one of the witnesses is creating summary documents for use at trial. (Dkt. 99 at 5.) Defendants contend that these witnesses are untimely disclosed expert witnesses disclosed after the August 1, 2017 deadline for the Government's expert disclosures. (Dkt. 91 at 1.) Last, Defendants state that the Government has not provided the summary documents referenced in the disclosures. (Dkt. 99 at 8.)

In response, the Government asserts that good cause does not exist to extend the Scheduling Order deadlines, but will consent to extending discovery through November 15, 2017. (Dkt. 100 at 13.). The Government argues that Defendants have served no discovery requests to date. (Dkt. 100 at 3.) The Government further states that ten weeks before discovery closed, the Government contacted Defendants' counsel to obtain mutually convenient deposition dates and proposed the

dates in October. (Dkt. 100 at 11.) In response, Defendants' counsel requested an extension of the discovery deadline and provided no alternate dates to conduct the depositions. (Dkt. 100 at 11.) The Government suggested that local counsel defend the depositions. (Dkt. 100 at 7, 8.) The Government argues that pursuant to Middle District of Florida Local Rule 2.20(a), local counsel is responsible for the progress of the case and, in this matter, has been served with all deposition notices. (Dkt. 100 at 11.) To date, local counsel has not communicated with the Government regarding the depositions at issue. (Dkt. 100 at 11.) The Government also states that any delay in requesting Defendants' depositions was due to discovery disputes regarding Defendants' church member list and identification of church members in response to discovery requests. (Dkt. 100 at 5.) Counsel for the Government sought to inquire about matters related to church membership when deposing Defendants and therefore delayed scheduling the depositions until the discovery disputes were resolved. (Dkt. 100 at 5.)

The Government further argues that the disclosure of the names of its IRS witnesses does not warrant a discovery extension because the disclosure was made on September 12, 2017, approximately seven weeks prior to the close of discovery. (Dkt. 100 at 12.) Further, the subject matter of the witness' testimony was disclosed in the Government's February 24, 2017 initial disclosure under "Revenue Agent yet to be identified" because the examining agents had retired and the testifying agents had not yet been identified. (Dkt. 100 at 12; dkt. 100-1 at 10.) Thus, the Government argues that Defendants could have served a deposition notice under Federal Rule of Civil Procedure 30(b)(6) if they wanted to depose an agent with knowledge of the methodology employed. (Dkt. 100 at 12.) With regard to the summary exhibits, the Government contends that these documents are trial exhibits and have not been created, but the underlying documents to be summarized have been produced to Defendants. (Dkt. 100 at 12.) During the hearing, the

Government further stated that the summary exhibits will not be created until after the Defendants' depositions as they will include information gleaned from Defendants' testimony.

As to the argument that the IRS agents are expert witnesses, the Government argues that the agents are fact witnesses that will not offer any opinion at trial, but will testify to the method in which Defendants' taxes were computed. (Dkt. 100 at 12.) According to the Government, their proposed testimony merely encompasses the methodology employed in reconstructing income, and is not based on scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702. (Dkt. 100 at 12.) During the hearing, the Government again asserted that the witnesses will not be offering any opinions. Rather, the witnesses will be testifying to the methodology used by the examining IRS agents, who have since retired, in computing Defendants' taxes.

In light of the parties' arguments, the Court finds that Defendants fail to establish good cause for amending all of the remaining deadlines set forth in the Scheduling Order. To establish good cause, Defendants must have been diligent. *Ashmore*, 503 Fed. App'x at 685. To date, Defendants have neither proposed alternative dates for discovery depositions, served the Government with discovery, nor requested a deposition pursuant to Rule 30(b)(6). (Dkt. 100 at 10, 12.) Defendants' main reason for seeking the requested extensions is Mr. Bernhoft's unavailability due to a trial in another matter. (Dkt. 99 at 3.) However, Defendants have retained local counsel Mr. Meythaler. Further, attorney Daniel Treuden of Mr. Bernhoft's law firm appeared for Defendants at the October 17 hearing. During the hearing, Mr. Treuden indicated that while he would need additional time to prepare for the depositions at issue, he would be able to defend them. Upon consideration of Mr. Treuden's representations and the Government's consent to extending the discovery deadline by two weeks, the Court concludes that the discovery

deadline shall be extended through November 15, 2017.  However, Defendants give no persuasive reason for extending the other deadlines in this matter.  Given the lack of explanation, Defendants have not established good cause as required by Rule 16(b) for extending all remaining deadlines in the Scheduling Order.  *See Watkins v. Regions Mortg. Inc.*, 555 Fed. App'x 922, 924 (11th Cir. 2014) (affirming district court's denial of plaintiff's request to modify a scheduling order where plaintiff did not show good cause); *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (explaining in order to establish good cause, the party seeking the extension must establish that the court's schedule could not be met despite the party's diligence).

Additionally, the Court does not find good cause to extend the deadlines based on Defendants' argument that the Government untimely disclosed "tax computation expert witnesses." (Dkt. 99 at 7.)  Based on the arguments and information before the Court at this time, the Court finds that the Government's IRS witnesses are not expert witnesses.  *Worth v. C.I.R.*, 108 T.C.M. (CCH) 522 (T.C. 2014), aff'd sub nom. *Worth v. Comm'r of Internal Revenue*, 666 Fed. App'x. 692 (9th Cir. 2016) ("An IRS revenue agent who reconstructs a taxpayer's income and later testifies as to the methodology she employed generally is not an expert witness.").  The Government represented at the hearing that the IRS witnesses will not offer any opinions or conclusions based on scientific, technical, or other specialized knowledge.  *See* Fed. R. Evid. 702.  The witnesses will merely be testifying to the methodology used in the regular business practices of the IRS.  Therefore, the summary trial exhibits are not required to be produced as part of an expert disclosure.  However, in the event the IRS witnesses' expected testimony includes opinions, the Government's summary trial exhibits shall be produced by November 15, 2017.  *See* Fed. R. Civ. P. 26(a)(2)(C) (requiring expert witnesses who do not need to produce an expert report to

provide "a summary of the facts and opinions to which the witness is expected to testify" with expert disclosures). Accordingly, it is

**ORDERED**:

1. Defendants' Motion to Extend the Discovery Deadline and Quash the Depositions Noticed for October of 2017 (Dkt. 99.) is **GRANTED** in part and **DENIED** in part.

2. The discovery deadline in this matter is extended through November 15, 2017.

**DONE** and **ORDERED** in Tampa, Florida, on October 17, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record