UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case No: 8:14-cv-993-T-17JSS

LAWRENCE N. WILKINS, CAROL G.
WILKINS, THE WILKINS
FOUNDATION, INC. and LIVING LIGHT
MINISTRIES, INC.,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the United States' Motion for Discovery Sanctions and Show Cause Order Against Defendants Lawrence Wilkins, Carol Wilkins, the Wilkins Foundation, Inc., and Living Light Ministries, Inc. ("Motion for Sanctions") (Dkt. 104) and Defendants' response in opposition (Dkt. 107). For the reasons that follow, the Motion for Sanctions is denied without prejudice.

## BACKGROUND

On February 9, 2017, the Court entered its Case Management and Scheduling Order setting a discovery deadline of November 1, 2017, dispositive motion deadline of December 1, 2017, and a trial term of May 2018. (Dkt. 91.) Throughout the course of litigation, there have been multiple discovery disputes between the parties. (See Dkts. 92, 95, 96, 98, 99, 104, 108.) In its July 3, 2017 Order regarding one such dispute, the Court granted in part the Government's Motion to Compel Discovery Against Defendant Living Light Ministries, Inc. and directed Defendants to supplement their discovery responses with a privilege log within ten days of the Order. (Dkt. 95.) In September 2017, the Government noticed the Defendants' depositions and the depositions of

Ronald and Sharon Wilkins to occur in October 2017. (Dkts. 99-3–99-8.) On September 21, 2017, Defendants filed a Motion to Extend the Discovery Deadline and Quash the Depositions Noticed for October of 2017 ("Motion to Extend the Discovery Deadline"), seeking to quash the deposition notices as defense counsel was unavailable to defend the depositions in October due to a trial in another matter. (Dkt. 99 at 3.) Defendants also requested an extension of the discovery deadline by 58 days, as well as an extension of all other remaining deadlines. (Dkt. 99 at 6.) On October 17, 2017, after conducting a hearing, the Court granted the Motion to Extend the Discovery Deadline in part. (Dkt. 108.) The Court extended the discovery deadline through November 15, 2017, given the Government's consent to the extension. (Dkt. 108 at 5–6.)

In its Motion for Sanctions, the Government now seeks sanctions against Defendants for failing to appear for depositions noticed for October 3, 4, 5, and 6, 2017, and failing to produce a privilege log in accordance with the Court's July 3, 2017 Order. (Dkt. 104.) The Government specifically seeks an entry of default judgment against Defendants for their alleged misconduct. (Dkt. 104 at 13.)

**APPLICABLE STANDARDS**

Federal Rule of Civil Procedure 37(b)(2) grants the court broad authority in sanctioning a party for failure to comply with a court order to provide discovery, including dismissing the case in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b); *Gratton v. Great Am. Commc'n*, 178 F.3d 1373, 1374 (11th Cir. 1999). Because dismissal with prejudice is a drastic sanction, a district court may implement it only as a last resort, when a party's failure to comply with a court order is a result of willfulness or bad faith and lesser sanctions would not suffice. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Further, the court has at its disposal a wide array of possible sanctions it can issue "to prevent unfair prejudice to the litigants

and insure the integrity of the discovery process." *Gratton*, 178 F.3d at 1374; Fed. R. Civ. P. 37(b)(2)(A). However, sanctions are not generally warranted where a party has shown that it made all reasonable efforts to comply with the court's order. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1050 (11th Cir. 1994).

## ANALYSIS

In its Motion for Sanctions, the Government argues that Defendants should be sanctioned for failing to provide a privilege log in accordance with the Court's July 3, 2017 Order and for failing to appear for depositions which were scheduled to occur in October 2017. (Dkt. 104.) The Government specifically requests that judgment be entered against Defendants for their disregard of their discovery obligations. (Dkt. 104 at 13.) In the alternative, the Government requests an Order requiring Defendants to appear for deposition on dates certain, extending the discovery and dispositive deadlines, and compelling Defendants to pay monetary sanctions. (Dkt. 104 at 2.) However, the Court has previously addressed these issues in its Order on Defendants' Motion to Extend the Discovery Deadline. (Dkt. 108.) The discovery deadline was extended through November 15, 2017 to allow the depositions to be rescheduled. (Dkt. 108.) The dispositive deadline was not extended as there was no good cause to extend the deadline under Federal Rule of Civil Procedure 16(b). (Dkt. 108 at 5–6.) With regard to the privilege log, Defendants state that they did not produce a privilege log earlier because they were not withholding any responsive documents on the basis of a privilege. (Dkt. 107 at 3.) Nevertheless, Defendants state that they have now provided a privilege log in an abundance of caution. (Dkt. 107 at 4.) In light of the parties' arguments regarding the Motion for Sanctions and the Court's prior Orders in this matter, the Court does not find that the severe sanctions the Government requests are warranted at this

time. *See* Fed. R. Civ. P. 37(b)(2) (allowing the court broad discretion).

Accordingly, it is **ORDERED** that the United States' Motion for Discovery Sanctions and Show Cause Order Against Defendants Lawrence Wilkins, Carol Wilkins, the Wilkins Foundation, Inc., and Living Light Ministries, Inc. (Dkt. 104) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Tampa, Florida, on December 7, 2017.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record