UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAWRENCE N. WILKINS, CAROL G.
WILKINS, THE WILKINS
FOUNDATION, INC. and LIVING LIGHT
MINISTRIES, INC.,

    Defendants.
_____/

Case No: 8:14-cv-993-T-17JSS

## **ORDER**

THIS MATTER is before the Court on the United States' Motion *in Limine* to Exclude Evidence (Dkt. 139) ("Motion") and Defendants' response in opposition (Dkt. 142). On June 19, 2018, the Court heard argument on the Motion during the pretrial conference in this matter. For the reasons that follow, the Motion is denied.

### **BACKGROUND**

The United States ("the Government") brought this action against Defendants to reduce Defendant Lawrence M. Wilkins' unpaid federal income tax liabilities to judgment and foreclose federal tax liens on real property owned by Defendant Wilkins and titled in the name of Living Light Ministries, Inc. (Dkt. 76.) On February 9, 2017, the Court entered its Case Management and Scheduling Order ("Scheduling Order"), setting a discovery deadline of November 1, 2017, dispositive motion deadline of December 1, 2017, and a trial term of May 2018. (Dkt. 91.) The discovery deadline was subsequently extended through November 15, 2017. (Dk. 108.)

During discovery, the Government served Defendant Lawrence Wilkins with contention interrogatories. (Dkt. 139-1.) Interrogatory Number One asked Defendant to "state the factual

and legal basis for [his] claim that [he does] not owe the income taxes, penalties, and interest assessed against him for the years 1996 through 2005." (Dkt. 139-1 at 2.) In response, Mr. Wilkins stated "I had no earnings or personal income subject to taxation." (*Id*.) The Government argues that this is the only defense Defendants raised to their tax liabilities during discovery. (Dkt. 139 at 4–5.) However, in the Joint Pretrial Statement, Defendants state that the Government "has the burden of proving that the assessments were properly made as a matter of both law and fact, including that the underpinning Notice of Deficiency ('NOD') was both issued and mailed in the manner required by the statutes, regulations, and case law." (Dkt. 141 at 4.) The Government contends that Defendants are engaging in trial by ambush by raising this defense after a year of litigation and on the eve of trial and should therefore be precluded from offering any evidence regarding the NOD. (Dkt. 139 at 5.) In response, Defendants contend that the Government is required to produce evidence that the NOD was properly mailed and requiring the Government to meet its burden of proof is not an affirmative defense that should be precluded. (Dkt. 142 at 4.)

The Government further argues that Defendants' exhibits should be excluded as they were not timely identified. (Dkt. 139 at 5.) Local Rule 3.06(b)(3) requires counsel to meet no later than fourteen days prior to the final pretrial conference in a good faith effort to examine all exhibits and exhibit substitutes and other items of tangible evidence to be offered at trial. M.D. Fla. Local R. 3.06(b)(3). The parties met on June 5, 2018. (Dkt. 139 at 5.) Defendants' counsel had not prepared an exhibit list by that date, and the Government agreed to an extension through June 6. (*Id*. at 6.) Defendants provided a proposed exhibit list on June 7 and an amended exhibit list on June 8. (*Id*.) The Government argues that the proper remedy for Defendants' untimely identification of exhibits is exclusion because it is now forced to address the belated exhibit list, which contains objectionable exhibits. (*Id*.) In response, Defendants contend that the Government is not

prejudiced and every defense exhibit was previously disclosed to the Government. (Dkt. 142 at 7.)

## APPLICABLE STANDARDS

Pursuant to Rule 37(c)(1), a failure to disclose may result in exclusion of the information "unless the failure was substantially justified or is harmless." Substantial justification exists if there is "justification to a degree that could satisfy a reasonable person that parties differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010) (quotation and citation omitted). A harmless failure to disclose exists "when there is no prejudice to the party entitled to receive the disclosure." *Id.* at 683.

The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1). *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-cv-00040-T-33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan. 14, 2009). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (internal quotations omitted). In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by the following factors: (1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250–51 (M.D. Fla. 2012) (explaining that "compliance with the requirements of Rule 26 is not merely aspirational").

## ANALYSIS

In its Motion, the Government argues that Defendants should be precluded from offering any evidence that the NOD for the taxes at issue were not mailed to Defendant Lawrence Wilkins' last known address because Defendant failed to identify that defense during discovery. (Dkt. 139.) In response, Defendants argue that the Government is required to prove that the NOD was properly mailed under 26 U.S.C. § 6213(a), which states:

> Except as otherwise provided in section 6851, 6852, or 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final.

Defendants contend that requiring the Government to meet its burden of proof is not a defense, and the Government is required to produce evidence that the NOD was properly mailed. (Dkt. 142 at 4.)

The Internal Revenue Code ("Code") authorizes the Commissioner to notify a taxpayer by certified or registered mail of a deficiency in income tax owed. 26 U.S.C. § 6212(a). The mailing of a valid NOD is generally a prerequisite to formal assessment and collection of the deficiency by the IRS. *Id.* § 6213(a); *see Tavano v. C.I.R.*, 986 F.2d 1389, 1390 (11th Cir. 1993). While the Code does not prescribe a particular form for a deficiency notice, the notice at a minimum must "indicate that the IRS has determined that a deficiency exists for a particular year and specify the amount of the deficiency." *Benzvi v. Comm'r*, 787 F.2d 1541, 1542 (11th Cir. 1986). In essence, the NOD advises a person that the Commissioner means to assess him. *Ware v. C.I.R.*, 499 F. App'x. 957, 958 (11th Cir. 2012). Thus, the NOD is an element of the Government's case.

The Government argues that the rules of discovery are designed to narrow and clarify the issues and to give the parties mutual knowledge of all relevant facts, preventing surprise. (Dkt.

139 at 5.) Nevertheless, the Government should not be surprised by the NOD as an issue in this case as it is required to prove notice as a part of its case. *See* 26 U.S.C. § 6213(a); *Ware*, 499 F. App'x. at 958. At the hearing, the Government acknowledged that it is required to prove notice. The Government argued that because Defendant did not specifically assert notice as a defense in the contention interrogatory, it did not anticipate the issue and therefore does not have a witness or exhibits to address the issue.

However, as the Defendants pointed out, Defendants did take issue with notice in their Answer and Affirmative Defenses ("Answer"). In the Second Amended Complaint, the Government states that "[a]fter determining that Wilkins is liable for unpaid taxes, including penalties and interest, for the 1996 through 2005 taxable years, the IRS issued Wilkins notices of deficiency in accordance with section 6212 of the Internal Revenue Code." (Dkt. 76 ¶ 11.) The Government further alleges that "Wilkins did not petition the Tax Court to redetermine the tax deficiencies the IRS calculated." (*Id*.) In their Answer, Defendants deny this allegation. (Dkt. 84 ¶ 11.) Thus, the Government has been aware that Defendants may take issue with the NOD since Defendants filed their Answer on December 29, 2016. (Dkt. 84.) Further, at the hearing, the Government stated that to ameliorate any prejudice, it may need to amend its exhibit and witness lists to add exhibits and a witness with knowledge regarding the NOD. Defendants stated that they had no objection to the additional exhibits or witnesses and they would not need to depose any new witnesses regarding the NOD. Given the lack of surprise, importance of the evidence, and ability to cure any alleged prejudice, the Court finds any failure to disclose the issue harmless. *See Mobile Shelter Sys. USA, Inc.*, 845 F. Supp. 2d at 1250–51.

Likewise, the harmless delay in Defendants' production of their exhibit list does not warrant exclusion of their exhibits. A harmless failure to disclose exists "when there is no

prejudice to the party entitled to receive the disclosure." *Hewitt, Inc.*, 268 F.R.D. at 683. Here, Defendants produced their exhibit list three days after the meeting to prepare the Joint Pretrial Statement. Any alleged prejudice to the Government is harmless as it is now in possession of the list and, as Defendants claim, the exhibits were previously disclosed.

Accordingly, it is **ORDERED** that the Government's Motion *in Limine* to Exclude Evidence (Dkt. 139) is **DENIED**. The Government may file an amended exhibit and witness list by June 29, 2018.

**DONE** and **ORDERED** in Tampa, Florida, on June 22, 2018.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record